UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTUS BRANDS, LLC,

       Plaintiff,                              Hon. Ellen S. Carmody

v.                                                    Case No. 1:17-cv-346

TRONICBROS & ECLAT CREATEURS
HOLDINGS, et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on <u>Defendant Largay's Motion to Dismiss Count VII of the Second Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim</u>. (ECF No. 75). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendant's motion is **granted** and Count VII of Plaintiff's Second Amended Complaint is **dismissed**.

**I.      BACKGROUND**

The following allegations are contained in Plaintiff's Second Amended Complaint. (ECF No. 66). Prior to 2012, Tronicbros & Eclat Createurs Holdings (Tronicbros) began selling goods to Extreme Dimension Wildlife Calls, LLC (Extreme Dimension). Tronicbros did not retain a security interest in these goods. Extreme Dimension was unable to keep current its account with Tronicbros and accrued an unpaid balance in an unknown amount.

In June 2012, Altus Brands, LLC (Altus) entered into a purchase agreement with

Extreme Dimension pursuant to which Altus would purchase various assets, including assets which Extreme Dimension previously acquired from Tronicbros. As part of this purchase agreement, Extreme Dimension warranted that it possessed "good and marketable title" to the assets it was selling to Altus "free and clear of any Liens or restriction or transfer." Counsel for Extreme Dimension, Christopher Largay, authored an opinion letter in which he asserted, in part, that Extreme Dimension "has all requisite power and authority, and has taken all necessary action. . .to release and assign ownership of its business and all the assets contemplated by the Asset Purchase Agreement. . ." Among the assets which Altus purchased were certain "fixed assets" located in China (the China Assets) which remain in the possession of Tronicbros which asserts ownership thereto.

The terms of this purchase agreement did not provide for the assumption by Altus of any of the outstanding debt that Extreme Dimension owed to Tronicbros. However, Altus and Tronicbros separately reached an "informal agreement" whereby Tronicbros would supply goods to Altus for sale. As part of this agreement, Tronicbros added a surcharge to any goods Altus purchased with the surcharge amount being applied to the amount of Extreme Dimension's outstanding debt to Tronicbros. This agreement did not obligate Altus to purchase from Tronicbros any particular quantity or dollar amount of goods. At some point, the amount of goods Altus purchased pursuant to this informal agreement declined at which point Tronicbros began to invoice Altus for the outstanding amounts which Extreme Dimension owed Tronicbros.

Plaintiff has sued Tronicbros, Extreme Dimension, and Christopher Largay, asserting various causes of action. Defendant Largay now moves the Court to dismiss the claims against him on the grounds that this Court cannot properly exercise personal jurisdiction over him.

Largay further argues that Plaintiff's allegations against him do not state a claim on which relief may be granted. The Court is persuaded by both of Plaintiff's arguments.

**II.        Personal Jurisdiction**

Defendant Largay argues that because this Court cannot properly exercise personal jurisdiction over him, dismissal of Plaintiff's claim against him is appropriate. Plaintiff bears the burden on this question. *See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016). Because the Court is resolving Defendant's personal jurisdiction challenge on written submissions, Plaintiff's burden is "relatively slight," but Plaintiff nevertheless must set forth "specific facts showing that the court has jurisdiction." *Id.* at 548-49. The Court must assess the parties' pleadings and affidavits "in a light most favorable to" Plaintiff. *Id.* at 549.

Subject matter jurisdiction in this matter is premised upon diversity of the parties. (ECF No. 66 at PageID.735).[1] Personal jurisdiction takes two forms: general and specific. *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012). General jurisdiction requires that Defendant have maintained "continuous and systematic contact with the forum state." *Id.* at 678-79. As there is no allegation that Defendant satisfies this standard, Plaintiff must establish the twin requirements of specific jurisdiction: (1) the Michigan long-arm statute, and (2) constitutional due process. *Id.* at 679. Because Michigan interprets its long-arm statute as "extend[ing] to the limits imposed by federal constitutional due process requirements," the analysis merges into a single assessment of whether due process is offended by the exercise of personal jurisdiction over Defendant. *AlixPartners*, 836 F.3d at 549.

---

[1] Plaintiff also brings the present action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. (ECF No. 66 at PageID.735). This provision, however, neither creates nor grants subject matter jurisdiction. *See, e.g., Funderwhite v. Local 55, United Association*, 702 Fed. Appx. 308, 312 (6th Cir., July 24, 2017).

The Court assesses the personal jurisdiction question by reference to a multi-factor test all three prongs of which must be satisfied before the Court can exercise personal jurisdiction over Defendant: (1) purposeful availment; (2) arising from; and (3) reasonableness. *Id.* at 549-52. Because Defendant Largay did not purposefully avail himself of Michigan, the Court need not assess the latter two factors.

Purposeful availment represents "the constitutional touchstone of personal jurisdiction, and it exists where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum state. . .and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *Id.* at 550 (emphasis in original). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person." *Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007).

As the Sixth Circuit has recently observed, "a relationship with the plaintiff or a third party, standing alone, is an insufficient basis for jurisdiction." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 900 (6th Cir. 2017) (quoting *Walden v. Fiore*, - - - U.S. - - -, 134 S.Ct. 1115, 1123 (2014)). Instead, "the focus is on the defendant's contacts with the forum State itself." *Schmuckle*, 854 F.3d at 900 (quoting *Fiore*, 134 S.Ct. at 1122). In this respect, while physical presence in the forum state is not required, such is relevant to the analysis. *Schmuckle*, 854 F.3d at 900 (quoting *Fiore*, 134 S.Ct. at 1122).

There is no allegation that Defendant acted in Michigan in this or any other matter. Defendant asserts that, other than "transfers between airline flights," he has never been in Michigan and has never conducted business in Michigan. Plaintiff does not suggest otherwise. With respect to the specific actions giving rise to the present action, Defendant asserts that his only involvement in this matter was to prepare the Opinion Letter referenced above. Defendant asserts that he did not mail or transmit this letter to Michigan, but instead personally presented the letter to representatives of Plaintiff who travelled to Maine. Plaintiff likewise does not dispute this.

Plaintiff asserts that personal jurisdiction over Defendant Largay is appropriate because the asset purchase agreement between Altus and Extreme Dimension specifically provides that the parties thereto agree to submit to the jurisdiction of any state or federal court sitting in Grand Traverse County, Michigan in any action or proceeding arising out of or relating to the purchase agreement. As Defendant correctly asserts, however, he is not a party to the purchase agreement. Thus, this particular provision neither applies to nor binds Defendant Largay. Moreover, the assets in dispute giving rise to this action are located in China and there is no allegation by Plaintiff that these assets were ever located in Michigan.

In sum, the only connection between Defendant and Michigan is the random fact that Plaintiff resides there. However, this is insufficient to subject Defendant to the personal jurisdiction of courts in this state. *See, e.g., Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722-23 (6th Cir. 2000) (personal jurisdiction inappropriate over defendant who undertook no action to reach out to or associate with Michigan, but instead had contact with Michigan "only because the plaintiff chose to reside there"); *Air Products*, 503 F.3d at 551 (personal jurisdiction over a

5

defendant not appropriate where the defendant's contacts with the forum state are the result of "random, fortuitous, or attenuated contacts or of the unilateral activity of another party or third person"). Accordingly, the Court concludes that it cannot exercise personal jurisdiction over Defendant Largay in this matter.

**III.     Failure to State a Claim**

Defendant Largay argues, in the alternative, that even if personal jurisdiction is appropriate in this matter, the claim against him must nevertheless be dismissed because Plaintiff's allegations fail to state a claim on which relief may be granted. The Court agrees.

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Count VII of Plaintiff's Second Amended Complaint asserts that Defendant Largay committed the tort of Breach of Promises of Opinion Letter. (ECF No. 66 at PageID.751). Defendant argues that there exists no such cause of action under Michigan law. Plaintiff has not identified any authority holding or even suggesting that such a cause of action exists under Michigan law. Instead, Plaintiff responds that its "claims encompass causes of action that include breach of contract/warranty, negligence, misrepresentation, and legal malpractice." The Court has no opinion whether the facts alleged by Plaintiff would state a claim for a cause of action which has not been alleged. Plaintiff has twice amended its complaint and could have asserted some other cause of action had it desired to do so. Instead, Plaintiff has chosen to assert a claim for Breach of Promises of Opinion Letter. Plaintiff has failed to allege facts which would permit it to prevail on such a claim. Accordingly, Defendant's motion to dismiss is, in the alternative, granted.

7

## CONCLUSION

For the reasons articulated herein, <u>Defendant Largay's Motion to Dismiss Count VII of the Second Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim</u>, (ECF No. 75), is **granted** and Count VII of Plaintiff's Second Amended Complaint is **dismissed**. An Order consistent with this Opinion will enter.


Dated: July 3, 2018                               /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         U.S. Magistrate Judge